UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ROYCE LORENZ JOHNSON, SR., *et al.* ) | |
| ) | |
| Plaintiffs, ) | |
| ) | CAUSE NO. 1:06-CV-231 WL |
| vs. ) | |
| ) | |
| INDIANA FAMILY AND SOCIAL SERVICE ) | |
| ADMINISTRATION, *et al.*, ) | |
| ) | |
| Defendants. ) | |

OPINION AND ORDER

Royce Lorenz Johnson, Sr., a *pro se* plaintiff, filed this civil rights complaint along with a petition to proceed *in forma pauperis.* Mr. Johnson is attempting to sue the exact same 44 defendants including the state, judges, courts, state agencies, case workers, supervisors, and attorneys that he sued in his previous lawsuit, 1:06CV62TS. In fact, the cause of action and statement of facts in Mr. Johnson's complaint are a photocopy of the previous complaint. The relief Mr. Johnson seeks in this complaint, however, is slightly different. In this petition he does not seek relief pursuant to §2254, nor does he seek to have criminal charges pressed against the defendants. However, he continues to seek the reversal of state court rulings removing the custody of his children based in part on allegations that he is a paranoid schizophrenic who molested his 3 year old daughter, appointment of counsel, declaratory relief prohibiting the state of Indiana and its agencies from actions similar to this in the future, and ultimately monetary damages for their prior actions against him.

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted.

28 U.S.C. § 1915(e)(2)(B)(ii).

This complaint is essentially the same as Mr. Johnson's previously dismissed complaint. As stated in the court's order dismissing 1:06CV62TS, it is not within the jurisdiction of this court to reverse the state court decision to remove the custody of his children. *See Lewis v. Anderson*, 308 F.3d 768, 771-2 (7th Cir. 2002) ("The Rooker-Feldman doctrine [*District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923)] . . . establish[es] the fact that lower federal courts do not have jurisdiction to conduct direct review of state court decisions.") *Also compare Moore v. Sims*, 442 U.S. 415 (1979) (The *Younger* doctrine precludes the removal of child custody cases.)

Mr. Johnson's previous complaint, like this one, contained mainly confused claims which are independent of the state court proceedings. The court's previous order stated:

> What is true is that the complaint is confusing. The district court would have been within its rights in dismissing it on that ground, *e.g., Fidelity National Title Ins. Co. v. Intercounty National Title Ins. Co.*, 412 F.3d 745, 749 (7th Cir. 2005); *Lindell v. McCallum*, 352 F.3d 1107, 1110 (7th Cir. 2003); *Davis v. Ruby Foods, Inc.*, 269 F.3d 818, 820 (7th Cir. 2001); *In re Westinghouse Securities Litigation*, 90 F.3d 696, 703-04 (3d Cir. 1996); *Simmons v. Abruzzo*, 49 F.3d 83, 86-87 (2d Cir. 1995), but with leave to replead.

*Loubser v. Thacker*, 440 F.3d 439 (7th Cir. 2006). 1:06CV62TS was dismissed without prejudice. Mr. Johnson's current complaint states the exact causes of action and statement of facts as his previous complaint, and therefore is still just as confused. "Judges are not like pigs, hunting for truffles buried in briefs." *U.S. v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991).

Mr. Johnson was given an opportunity to clarify his claims in such a way that this court could analyze them. Instead, Mr. Johnson chose to file a photocopy of his previous complaint. This court's previous order explained, "Part of the confusion is that it is not entirely clear which defendants Mr. Johnson intended to associate with these secondary, potential claims; but neither is there any indication that they are unknown to him. Nor is it clear that he has any interest in continuing this lawsuit after all of his primary, central claims have been dismissed." None of the confusion from the first complaint has been clarified in this complaint. Therefore, again, rather than place him under a court ordered deadline directing him to file an amended complaint clarifying the confusion, it does him no harm to merely dismiss this case without prejudice and permit him to file a new lawsuit subject only to the deadline imposed by the statute of limitations. Additionally, such a result also promotes judicial economy.

For the foregoing reasons, this case is **DISMISSED without prejudice**

pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Accordingly, the motion for leave to proceed *in forma pauperis* is also **DENIED**.

SO ORDERED on June 20 , 2006.

                                            s/William C. Lee
                                            WILLIAM C. LEE, JUDGE
                                            UNITED STATES DISTRICT COURT